**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-20131-01-CM |
| **TYREECE F. GRAY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

# ORDER

This closed criminal case is before the court on Defendant's Motion for a Reduction of Sentence Pursuant to the Provisions of 18 U.S.C. § 3582(c)(2) (Doc. 80). The court sentenced defendant for conspiracy to distribute drugs in 2013. Defendant asks the court to reduce this sentence based on Amendment 782. He emphasizes his good record in prison and points out the rehabilitative efforts he has undertaken while in prison.

The court commends defendant for taking these steps while in prison. Unfortunately, neither defendant's rehabilitative efforts nor Amendment 782 give this court authority to reduce defendant's sentence. The court sentenced defendant as a career offender. Because defendant was sentenced based on application of the career offender provision instead of the sentencing guidelines (utilizing the drug quantity table), he is not entitled to the benefit of Amendment 782. *See United States v. Caldwell*, 499 F. App'x 760, 763 (10th Cir. 2012) (holding that a career offender was not entitled to the benefit of reductions under Amendment 750, which reduced base offense levels for crack cocaine offenses). Additionally, rehabilitative efforts do not independently authorize amendment of sentences. *See* 18 U.S.C. § 3582(c)(2) (providing only three circumstances for modification of sentences).

-2-

**IT IS THEREFORE ORDERED** that Defendant's Motion for a Reduction of Sentence Pursuant to the Provisions of 18 U.S.C. § 3582(c)(2) (Doc. 80) is denied.

Dated this 30th day of March, 2015, at Kansas City, Kansas.

s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**