IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

TYREECE F. GRAY,

      Defendant.

Case No. 11-20131-01-DDC

## MEMORANDUM AND ORDER

Defendant inmate Tyreece F. Gray moves for production of a Call Detail Report from Securus Technologies so that he may identify which attorney-client calls he believes the government attorneys accessed during his prosecution (Docs. 107; 108). As explained more fully below, because defendant has not complied with the applicable filing requirements, the court denies his request without prejudice.

**I.     Background**

In December 2011, a grand jury returned a one-count Indictment charging defendant with being a felon in possession of a firearm. (Doc. 1.) In January 2012, the grand jury returned a Superseding Indictment adding a co-defendant, another firearm-related offense, and multiple drug trafficking offenses. (Doc. 11.) In March 2013, defendant entered a plea of guilty to Counts 1 (conspiracy to distribute marijuana) and 3 (possession of a firearm in furtherance of drug crime) under a Rule 11(c)(1)(C) Plea Agreement. (Doc. 52.) In June 2013, the court sentenced defendant to 60 months imprisonment on Count 1, and 60 months imprisonment on Count 3, served consecutively. (Doc. 66.) Several years later, the issues attendant to the *Black* litigation surfaced, raising potential Sixth Amendment issues in multiple cases at least as far

back as 2013 and, in some instances, as far back as 2010.[1]  The many post-conviction challenges spawned by this discovery continue today, and defendant believes his conviction falls within the group of cases affected by it.

## II.     Standard

Because defendant proceeds pro se, the court construes his filings liberally, but does not assume the role of an advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    Discussion

Under Rule 41(g):

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).  The district court retains jurisdiction over Rule 41(g) motions after the underlying criminal proceedings have terminated.  *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996) (interpreting former Rule 41(e)); *see United States v. Copeman*, 458 F.3d 1070, 1071 n.1 (10th Cir. 2006) ("What was formerly Rule 41(e) is now Rule 41(g), with only stylistic changes.").  "A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows irreparable harm and an inadequate remedy at law."  *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (quotations omitted).  After criminal proceedings have terminated, "the person from whom the property was seized is presumed to have a right to its return, and the

---

[1]  Judge Robinson issued Findings of Fact and Conclusions of Law in *Black* through the *Carter* proceeding.  *United States v. Carter*, No. 16-20032-02-JAR (D. Kan. Aug. 13, 2019), Doc. 758, at 104–05 (detailing call review back to January 2010, and identifying call requests at least as early as May 2013); *see also in re CCA Recordings 2255 Litigation*, No. 19-CV-2491-JAR, 2020 WL 4284222, at *7 (D. Kan. July 27, 2020) (explaining discovery including cases dating back to 2010).

government must demonstrate that it has a legitimate reason to retain the property." *Id.* (quotations omitted).

Defendant argues that he needs a Call Detail Report like those generated in the course of the *Black* litigation so that he may establish various Sixth Amendment violations and prosecutorial misconduct sufficient to vacate his conviction. The government responds that defendant has not met his burden to allege irreparable harm or an inadequate remedy at law. Doc. 118 at 7. And even if he had discharged that burden, the government asserts, he has failed to comply with several procedural requirements for relief, including the payment of a filing fee or seeking leave to proceed in forma pauperis. *Id.* at 8.

The government's arguments are compelling, but another threshold concern inheres in the remedy defendant seeks: immediate release and expungement of his conviction based upon both prosecutorial misconduct and Sixth Amendment violations. This request "unquestionably seeks to collaterally attack his conviction." *United States v. Steele*, No. 10-20037-01-JWL, 2019 WL 4736935, at *2 (D. Kan. Sept. 27, 2019); *see United States v. Riccardi*, No. 02-20060-JWL, 2020 WL 4275606, at *1–*2 (D. Kan. July 24, 2020) (a defendant's claim of Sixth Amendment violations or prosecutorial misconduct is "clearly a challenge to his conviction and sentence that must be asserted in a § 2255 motion.")

Just as the defendant in *Steele* could not use a Rule 41(g) motion to circumvent the § 2255 process, Mr. Gray cannot transform Rule 41(g) from a property recovery tool into a means to attack his conviction. *See Steele*, 2019 WL 4736935, at *2 (citing *United States v. Penry*, 515 F. App'x 784, 789 (10th Cir. June 3, 2013)). While the court

3

ordinarily might construe his motion as a request for relief under § 2255, defendant already has moved to vacate his sentence.  (*See* Docs. 98; 106).  Just as in *Steele*, the treatment of defendant's Rule 41(g) motion as a § 2255 attack "would constitute an unauthorized successive petition . . . [and] the court would lack jurisdiction to consider [that motion] in any event."  *Steele*, 2019 WL 4736935, at *2.

If defendant intends to request relief available under § 2255, his earlier habeas petition restricts him from doing so without permission.  "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."  *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).  To proceed under § 2255, Mr. Gray must request and secure authorization from the Tenth Circuit before this court may address his desired relief.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Return of Property (Doc. 107) and Amended Motion for Return of Property (Doc. 108) are denied without prejudice.

The Clerk is directed to mail a copy of this Order to defendant at his custody location.

**IT IS SO ORDERED.**

**Dated this 2nd day of December, 2020, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**

---

[2]    *See, e.g.*, *United States v. Phommaseng*, No. 14-CR-20014-JAR, 2019 WL 3801720, at *1 (D. Kan. Aug. 13, 2019) (seeking leave to conduct discovery under Rule 6 of the Rules Governing Section 2255 Proceedings).